MAY 2 2024 AM11:33
FILED - USDC - FLMD - ORL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:23-cr-107-WWB-EJK

BRANDON EUGENE BROOKE

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Roger B. Handberg, United States Attorney for the Middle District of Florida,

and the defendant, BRANDON EUGENE BROOKE, and the attorney for

the defendant, Charles M. Greene, mutually agree as follows:

**A.    Particularized Terms**

1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the

Superseding Information.  Count One charges the defendant with dealing in

firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A).

2.    Maximum Penalties

Count One carries a maximum sentence of five years

imprisonment, a fine of $250,000, a term of supervised release of not more

than three years, and a special assessment of $100 per felony count.  With

respect to certain offenses, the Court shall order the defendant to make

Defendant's Initials _____          1

restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.    <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

<u>First</u>:      the Defendant engaged in the business of dealing in firearms;

<u>Second</u>:   the Defendant didn't have a Federal license; and

<u>Third</u>:     the Defendant acted willfully.

4.    <u>Superseding Indictment Waiver</u>

Defendant will waive the right to be charged by way of superseding indictment before a federal grand jury.

5.    <u>Indictment Dismissed</u>

At the time of sentencing, the underlying Indictment charging a sole count of 18 U.S.C. § 924(a)(1)(A) will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge

Defendant's Initials         2

defendant with committing any other federal criminal offenses known to the

United States Attorney's Office at the time of the execution of this agreement,

related to the conduct giving rise to this plea agreement.

    7.    <u>Guidelines Sentence</u>

        Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will

recommend to the Court that the defendant be sentenced within the

defendant's applicable guidelines range as determined by the Court pursuant

to the United States Sentencing Guidelines, as adjusted by any departure the

United States has agreed to recommend in this plea agreement. The parties

understand that such a recommendation is not binding on the Court and that,

if it is not accepted by this Court, neither the United States nor the defendant

will be allowed to withdraw from the plea agreement, and the defendant will

not be allowed to withdraw from the plea of guilty.

    8.    <u>Acceptance of Responsibility - Three Levels</u>

        At the time of sentencing, and in the event that no adverse

information is received suggesting such a recommendation to be unwarranted,

the United States will recommend to the Court that the defendant receive a

two-level downward adjustment for acceptance of responsibility, pursuant to

USSG § 3E1.1(a). The defendant understands that this recommendation or

Defendant's Initials         3

request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.



Defendant's Initials _____          4

The assets to be forfeited specifically include, but are not limited to, the following: a ROMARM/CUGIR Micro Draco pistol, serial number 22PMD-30423, the firearm involved in the violation.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

Defendant's Initials           5

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for

Defendant's Initials _BB_                    6

the previous five years.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

10.   Abandonment of Property - Firearms and Ammunition

The United States of America and defendant hereby agree that any firearm and/or ammunition as defined in 18 U.S.C. § 921, seized from defendant and currently in the custody and/or control of the Bureau of Alcohol, Tobacco and Firearms, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. § 924(d) and/or that the firearms and ammunition constitute evidence, contraband, or fruits of the

Defendant's Initials                     8

crime to which he/she has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he/she has in the firearms and ammunition to the United States of America and agrees to the administrative forfeiture or destruction of the firearms and ammunition by the Bureau of Alcohol, Tobacco and Firearms and further waives any right to receive notice of any administrative forfeiture proceeding involving the firearms and ammunition.

As part of the plea agreement in this case, the defendant hereby voluntarily abandons all right and claim to the ROMARM/CUGIR Micro Draco pistol, serial number 22PMD-30423, seized on June 17, 2022.

**B.    Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by

Defendant's Initials             9

the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials           10

4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United

Defendant's Initials ⟨initials⟩          11

States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States

Defendant's Initials _BB_                    12

Probation Office.  Defendant further understands and acknowledges that any

discussions between defendant or defendant's attorney and the attorney or

other agents for the government regarding any recommendations by the

government are not binding on the Court and that, should any

recommendations be rejected, defendant will not be permitted to withdraw

defendant's plea pursuant to this plea agreement.  The government expressly

reserves the right to support and defend any decision that the Court may make

with regard to the defendant's sentence, whether or not such decision is

consistent with the government's recommendations contained herein.

      7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

      The defendant agrees that this Court has jurisdiction and

authority to impose any sentence up to the statutory maximum and expressly

waives the right to appeal defendant's sentence on any ground, including the

ground that the Court erred in determining the applicable guidelines range

pursuant to the United States Sentencing Guidelines, except (a) the ground

that the sentence exceeds the defendant's applicable guidelines range <u>as</u>

<u>determined by the Court</u> pursuant to the United States Sentencing Guidelines;

(b) the ground that the sentence exceeds the statutory maximum penalty; or (c)

the ground that the sentence violates the Eighth Amendment to the

Constitution; provided, however, that if the government exercises its right to

Defendant's Initials _____      13

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

        8.    <u>Middle District of Florida Agreement</u>

        It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

        9.    <u>Filing of Agreement</u>

        This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

        10.    <u>Voluntariness</u>

        The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges

Defendant's Initials _____        14

defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _____                    15

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____    16

13.   Certification

The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant

and that defendant fully understands its terms.

DATED this ___30___ day of March, 2024

_____
BRANDON EUGENE BROOKE
Defendant

_____
Charles M. Greene
Attorney for Defendant

ROGER B. HANDBERG
United States Attorney

_____
Noah P. Dorman
Assistant United States Attorney

_____
Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division

Defendant's Initials _____          17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:23-cr-107-WWB-EJK

BRANDON EUGENE BROOKE

PERSONALIZATION OF ELEMENTS

Beginning on or about October 13, 2022, and continuing through May

5, 2023, in the Middle District of Florida:

First:      Did you engage in the business of dealing in firearms, that is, did
            you devote time, attention, and labor to dealing in firearms as a
            regular course of trade or business to predominantly earn a profit
            through the repetitive purchase and resale of firearms?[1]

Second:     Did you do so without a Federal License?

Third:      Did you act willfully?

_____
[1] *See*, 18 U.S.C. § 922(a)(21)(C)

Defendant's Initials _____              18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:23-cr-107-WWB-EJK

BRANDON EUGENE BROOKE

## FACTUAL BASIS

On or about June 17, 2022, the United States Postal Inspector Service executed a federal search warrant on a parcel, bound for Puerto Rico, addressed to N.D. The parcel originated in Kissimmee, Florida. Pursuant to the search warrant, a ROMARM/CUGIR, model Micro Draco, 7.62x39mm caliber pistol bearing serial number 22PMD-30423 was recovered. The firearm was concealed with an electric pressure washer:

A firearms trace revealed that the firearm was purchased by BROOKE on or about June 4, 2022, from a Federally Licensed Firearms Dealer ("FFL") located in Apopka, Florida. The time-to-crime from BROOKE purchasing the firearm to the recovery of the firearm in Puerto Rico was thirteen days.

The ATF Form 4473 for the June 4, 2022 purchase was completed by BROOKE, and contained BROOKE's first and last name, date of birth, address, and social security number, and driver's license number.

Defendant's Initials           19

Question 21.a asked BROOKE:

"Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?"

BROOKE answered "yes".

A review of the purchase history for firearms purchased by BROOKE at FFLs in the Middle District of Florida revealed that, between April 14, 2022 and October 10, 2022, BROOKE purchased 69 firearms for approximately $15,000. Many of the firearms were identical and were purchased together or close in time to one another.

On October 13, 2022, ATF agents questioned BROOKE regarding his repeated purchases of identical firearms from FFLs. BROOKE confirmed he had purchased the firearms and stated his occupation was landscaping. State of Florida wage and hour records revealed BROOKE had not reported earnings since the first quarter of 2022.

During the interview, BROOKE provided consent to search his cellular phone. A search of BROOKE's phone revealed evidence of firearms dealing. For example, BROOKE communicated about the sale of a Micro Draco firearm on or between June 4, 2022, and June 7, 2022:

Defendant's Initials _BB_                    20



Defendant's Initials _____ 21



On October 13, 2022, the defendant was served with a "Warning

Notice of Unlicensed Firearms Dealing in Violation of Federal Law" by the

ATF (the "Notice"). In the Notice, BROOKE was advised that his firearm

transfers constituted dealing in firearms without a license, in violation of 18

U.S.C. § 922(a)(1)(A). BROOKE signed the Notice, acknowledging receipt,

Defendant's Initials _____                    22

and was given a copy to retain. Following his acknowledgment of the Notice, BROOKE continued to purchase and sell firearms to third parties, in violation of 18 U.S.C. § 922(a)(1)(A).  BROOKE bought and resold the firearms which allowed him to earn a profit for brokering the sales.  Specifically, between November 30, 2022, and May 5, 2023, BROOKE purchased and resold 21 firearms as a regular course of business to predominately earn a profit, in violation of 18 U.S.C. § 922(a)(1)(A).

Defendant's Initials                     23